# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

POKAGON BAND OF POTAWATOMI
INDIANS,

            Plaintiff,

v.

WWW.POKAGON-SECRETS.COM;
UNKNOWN REGISTRANT A/K/A JOHN
DOE; DOMAINS BY PROXY, LLC; and
GODADDY.COM, LLC,

            Defendants.

_____ /

Case No. ___1:22-cv-36___

Honorable _____

## VERIFIED COMPLAINT

Plaintiff Pokagon Band of Potawatomi Indians ("Plaintiff"), by and through undersigned counsel, hereby files this Verified Complaint against Defendants, www.pokagon-secrets.com (the "Domain Name"); Unknown Registrant A/K/A John Doe ("Unknown Registrant"); Domains By Proxy, LLC; and GoDaddy.com, LLC, and as grounds thereof, states as follows:

## INTRODUCTION

1.     This is an action regarding an internet domain name, www.pokagon-secrets.com (the "Domain Name"), anonymously registered in furtherance of illegal activity in violation of, among other things, the Computer Fraud and Abuse Act,18 U.S.C. § 1030.

2.     As the content of the website associated with the Domain Name ("Website") makes clear, Defendant Unknown Registrant established the Website as a means to publicly disseminate private information obtained illegally in violation of, at a minimum, the Computer Fraud and Abuse Act.

3.      On January 11, 2022, Plaintiff contacted the Unknown Registrant through the e-mail address provided by the Website's proxy registrant, Domains By Proxy, LLC, specifically, pokagon-secrets.com@domainsbyproxy.com, to request the Website be taken down and no threatened publication be made.  Plaintiff has not received a response to this request at the time of this filing.

4.      On January 11, 2022, Plaintiff also submitted a claim through Domains By Proxy, LLC's internal claim system requesting that the Website be taken down.  At the time of this filing, Domains By Proxy, LLC has taken no action to remove the Website.

5.      On January 11, 2022, Plaintiff also submitted a report of abuse through GoDaddy.com, LLC's website abuse reporting mechanism, including a message sent to abuse@Godaddy.com.  At the time of this filing, GoDaddy.com, LLC has taken no action to remove the Website.

6.      Plaintiff is seeking injunctive and other equitable relief as a result of the actions of the Defendant Unknown Registrant.

7.      A Verified Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery, together with a Memorandum of Law in Support thereof, is being filed contemporaneously with this Complaint.

## JURISDICTION AND VENUE

8.      This action arises out of Unknown Registrant's violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. Accordingly, this Court has original jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338.

9.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises out of Defendant's violation of the Federal Computer Fraud and Abuse Act, (18 U.S.C. § 1030).

10.    Defendant Unknown Registrant is subject to personal jurisdiction in this District because it directed its activities, including publication of the Website and misappropriation of confidential materials underlying the threats thereupon, to Plaintiff and any potential users of the Domain Name throughout the United States, including within the State of Michigan and this District through the Internet based website operated at the Domain Name accessible in Michigan. Moreover, the subject matter of the Website purports to relate to the administration of Plaintiff as a sovereign, federally recognized Indian tribe partially based in this District, raising a strong connection between the Unknown Registrant's activity and this District.

11.    Defendants GoDaddy.com, LLC and Domains By Proxy, LLC are subject to personal jurisdiction in this District because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Michigan and this District.

12.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant Unknown Registrant is engaged in illegal activities and causing harm within this District by threatening to disseminate Plaintiff's confidential materials, both within this District and worldwide.  Given Plaintiff's permanent presence in this District, Unknown Registrant's actions cause particular harm in this District.

## THE PARTIES

13.     Plaintiff Pokagon Band of Potawatomi Indians is a federally recognized Indian tribe with a service area consisting of ten counties in Southwestern Michigan and Northeastern Indiana, with its main administrative offices located in Dowagiac, Michigan.

14.     Defendant www.pokagon-secrets.com is a website accessible and, upon information and belief, operated within this District, and is named as a Defendant here to place the status of this anonymously owned property within the purview of the Court.

15.     Defendant Unknown Registrant is an unknown person residing in an unknown location.  On information and belief, Defendant Unknown Registrant has engaged in substantial activity in the State of Michigan in connection with the matters from which this action arises.

16.     Defendant Domains By Proxy, LLC is a limited liability company, duly organized and existing under the laws of Delaware, with its principal office and place of business located in Tempe, Arizona. Based on information and belief, Defendant Domains By Proxy, LLC does business in the State of Michigan. Defendant Domains By Proxy, LLC is named as a nominal defendant for purposes of enforcement.

17.     Defendant GoDaddy.com, LLC is a limited liability company, duly organized and existing under the laws of Delaware, with its principal office and place of business located in Scottsdale, Arizona. Based on information and belief, Defendant GoDaddy.com, LLC does business in the State of Michigan. Defendant GoDaddy.com, LLC is named as a nominal defendant for purposes of enforcement.

4

## GENERAL ALLEGATIONS

**Plaintiff's Recent Employees.**

18.     Due to certain behavior in violation of her duties as an employee of Plaintiff, on November 8, 2021 Plaintiff terminated the employment of its Information Technology ("IT") Director and Interim Government Manager, Jody Osbon.

19.     Upon her termination, Ms. Osbon's authority to possess, access, or otherwise use confidential information belonging to Plaintiff ceased.

20.     At the time of her termination, Ms. Osbon was unhappy and made one or more statements referencing information that she could report following her termination.

21.     The next day, November 9, 2021, Ms. Osbon followed up with Steven Rider, Plaintiff's Government Manager and one of the individuals who notified Ms. Osbon of her termination, in writing, stating in relevant part:

> Next, I am sorry for yesterday - you are in no way responsible for the action taken by Tribal Council. If you would like to have a debrief on what my concerns have been - I would be willing to speak with you. **I have the evidence in my possession.**
>
> I want to make it perfectly clear that I am not guilty of the allegations against me. I will do everything in my power and use every resource I have in my possession to prove it, and then **I will publish my evidence so the truth will be known – I already have the website ready to go live.** I understand that it will not make a difference in my employment status – but the only thing we have is our names, and mine has always stood for good.

**Exhibit A** (emphasis added).

22.      On November 9, 2021, Roger Rader, who was one of Plaintiff's IT employees, resigned his employment with Plaintiff, effective immediately.

23.     When employed by Plaintiff, one of Mr. Rader's duties was overseeing the operation of the Plaintiff's website.

24.     When employed by Plaintiff, Mr. Rader received administrative IT rights to control all aspects of the Plaintiff's website.

25.     Upon his resignation, Mr. Rader's authority to use his administrative IT rights for any purpose, including to control or otherwise access the operations of Plaintiff's website, ceased.

**The Website**

26.     The Domain Name "www.pokagon-secrets.com" was privately registered by Unknown Registrant on or about October 18, 2021.

27.     During the evening of Saturday, January 8, Plaintiff became aware of the Domain Name and the Website's existence.

28.     Plaintiff learned of the Website when a current employee accessed a "careers" link on an internal HR web page and, instead of being directed to Plaintiff's standard career information page, was directed to the Website.

29.     Thereafter, several of Plaintiff's employees were similarly misdirected to the Website rather than Plaintiff's standard career information page, through the same link.

30.     This network irregularity is the result of unauthorized activity in Plaintiff's IT system.

31.     As of this filing, Plaintiff has blocked this wrongful link and is not aware of any additional linking to the Website from within Plaintiff's systems or elsewhere.  However, the Website is still operative as of this filing.

32.     The Website represents that it is "LAUNCHING SOON" and features a countdown clock indicating that the "launch" will occur early in the morning on Tuesday, January 18, 2022. **Exhibit B.**

33.    The Website further states:

## Pokagon Secrets

Tribal Elections

Tribal Council

Corruption & Abuse  of Power

State of Michigan Notary Seal misuse

Office of General Counsel

*Id.*

34.    The name of the Website, along with the content of the Website, plainly establishes the Unknown Registrant's possession of and intent to reveal "Pokagon Secrets" by disclosing documents that Plaintiff has not, and will not, authorize for public dissemination.

35.    Plaintiff strictly prohibits its employees from accessing, obtaining, or using such information for unauthorized purposes, including such disclosure.

36.    Plaintiff's investigation into the full extent of this network irregularity, including whether and to what extent confidential information was accessed and/or exfiltrated, remains ongoing.

37.    At this time, Plaintiff has determined that its website's operations were accessed through the irregular use of network credentials near the time that it became aware of the Website.

38.    Specifically, it has been determined that Plaintiff's website's operations were accessed through the credentials of a non-affiliated third party, who was no longer authorized to access Plaintiff's systems, on the same weekend that the Plaintiff became aware of the Website.

39.    It has also been determined that Mr. Rader's administrative IT credentials were used to access the Plaintiff's website operations approximately one week prior to Plaintiff becoming aware of the Website.

40.     On information and belief, Unknown Registrant both accessed and altered Plaintiff's network and/or computer systems without authorization and created the Website as part of a single plan to disclose information obtained from Plaintiff's computers without authorization.

**The Website's Private Registration and Hosting.**

41.     The Website was privately registered by Unknown Registrant, using the e-mail address pokagon-secrets.com@domainsbyproxy.com, through services offered by Domains By Proxy, LLC.  **Exhibit C.**

42.     Domains By Proxy, LLC offers users the ability to register domain names privately, in which case contact information relating to the company appears on ICANN's Whois registry (www.whois.com) rather than the personal information of the individual registrant.

43.     Domains By Proxy, LLC offers its services to users registering websites through Godaddy.com, LLC's hosting services.

44.     The Website is hosted by Godaddy.com, LLC, utilizing the private registration service offered by Domains By Proxy, LLC.

45.     Plaintiff has incurred costs in excess of $5,000 in investigating and responding to Unknown Registrant's threat to divulge documents and/or other information that Unknown Registrant accessed, obtained, and used without Plaintiff's authorization to do so.

46.     Without injunctive relief against Unknown Registrant, and also against Domains By Proxy, LLC and GoDaddy.com, LLC on account of the related services these entities provide to support the Website's operation, Plaintiff will suffer irreparable harm by the disclosure of various confidential documents and/or information bearing on subjects that Plaintiff has not, and will not, authorize for public dissemination.

## COUNT I – VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT

47.     Plaintiff realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

48.     The Computer Fraud and Abuse Act ("CFAA") prohibits unauthorized access to a protected computer for the purposes of obtaining information, causing damage or perpetrating a fraud.  18 U.S.C. §1030 (unless expressly stated the reference to any section or subsection in this Count 1 refers to the CFAA).

49.     A person, including a corporation, who suffers "damage" or "loss" due to a violation of section 1030 is entitled to sue the violator, provided that the conduct "involves 1 of the factors set forth in subclasses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i)." 18 U.S.C. §§1030(g); see also 18 U.S.C. § 2707 ("aggrieved" person may bring a "civil action").

50.     To prevail on a claim under section 1030(g), the plaintiff must prove (1) "loss" or "damage" as defined by the CFAA, (2) by reason of, (3) a violation of some other provision of section 1030, and (4) conduct that "involves 1 of the factors set forth in subclasses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i)."  See *Fiber Systems Int'l Inc. v. Roehrs*, 470 F.3d 1150, 1157-1158 (5th Cir. 2006).

51.     A "loss" is defined as including "any reasonable cost to any victim, including the cost of responding to an offense" and "conducting a damage assessment," including the cost of investigating and responding to a computer intrusion.  18 U.S.C. §§1030(e)(11); *Multiven, Inc. v. Cisco Systems, Inc.*, 725 F. Supp. 2d 887, 895 (N.D. Cal. 2010) ("Costs associated with investigating intrusions into a computer network and taking subsequent remedial measures are losses within the meaning of the statute"); *Patrick Patterson Custom Homes, Inc. v. Bach*, 586 F. Supp. 2d 1026, 1036-1037 (N.D. Ill. 2008) ("costs incurred by plaintiff" including "retaining

9

computer forensic experts to help restore the deleted files" are losses within the meaning of the CFAA); *P.C. of Yonkers, Inc. v. Celebrations! The Party and Seasonal Super Store, L.L.C.*, 2007 WL 708978, at *5 (D. N.J. March 5, 2007) (plaintiff's losses sustained in "responding to" and "investigating defendant's actions" as well as "taking remedial steps to prevent defendant's further actions" constitute losses within the meaning of CFAA); *see also Sam's Wines & Liquors, Inc. v. Hartig*, 2008 WL 4394962, at *4 (N.D. Ill. Sept. 24, 2008) (employer properly alleged "loss" where it simply stated that its costs were incurred as a result of "responding to [it's former's] conduct and conducting damage assessments"). "Damage" is "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. §§1030(e)(8).

52. A "violation" occurs when a person knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer. 18 U.S.C. §§1030(a)(5)(A).

53. A "violation" also occurs when a person intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage; or causes damage and loss. 18 U.S.C. §§1030(a)(5)(B), (C).

54. A "violation" also occurs when a person (1) intentionally accesses a "protected computer," (2) without or in excess of that person's authorization, and (3) obtains information from that computer. 18 U.S.C. §§1030(a)(2).

55. A "violation" also occurs when a person (1) knowingly and with intent to defraud, (2) accesses a "protected computer," (3) without or in excess of authorization, and (4) by such conduct obtained something of value and furthered the intended fraud. 18 U.S.C. §§1030(a)(4).

56.     The "factors set forth in subclasses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i)," included "loss to one or more persons during a 1-year period . . . aggregating at least $5,000 in value."  18 U.S.C. §1030 (c)(4)(A)(1).

57.     A "protected computer" includes a computer that is used in or affecting interstate commerce or foreign commerce or communication, including a computer that is connected to the internet.   18 U.S.C. §1030(e)(2); *Multiven, Inc. v. Cisco Systems, Inc.*, 725 F. Supp. 2d 887, 891 (N.D. Cal. 2010) (Plaintiff's computers are protected within the meaning of the statute inasmuch as they are using a "network" that is "connected to the internet."); *Patrick Patterson Custom Homes, Inc. v. Bach*, 586 F. Supp. 2d 1026, 1032 (N.D. Ill. 2008) ("A computer used in conjunction with a business's efforts to conduct sales across lines qualifies as a protected computer," as does a computer that "provides access to worldwide communications through applications accessible through the internet").

58.     In the employment context, "unauthorized" access includes any type of access that breaches the employee's duty of loyalty or furthers any interest adverse to the employer.  *Motorola, Inc. v. Lemko Corp.*, 609 F. Supp. 2d 760, 767 (N.D. Ill. 2009) ("Employee who breaches her duty of loyalty to an employer or acquires an adverse interest to her employer is no longer authorized to access the employer's computers.").

59.     At an unknown point in time during or after July 2021, Unknown Registrant, acting alone or in concert with others, accessed one or more of Plaintiff's computers, and obtained confidential information from the computer.

60.     The information obtained from the computer(s) had value and constituted confidential information belonging to Plaintiff.

61.    Unknown Registrant, acting alone or in concert with others, accessed the computer and obtained such information without authorization for purposes that were adverse to Plaintiff.

62.    Unknown Registrant, acting alone or in concert with others, accessed the computer and obtained such information knowingly and with intent to convert the information for their own use.

63.    The computer and computer systems of Plaintiff are used for purposes of conducting interstate and foreign commerce and communication, and are connected to the internet; thus they are "protected" within the meaning of the Act.

64.    Unknown Registrant, acting alone or in concert with others, accessed the computer and altered Plaintiff's network and/or website settings without authorization in a manner that changed the normal operation of Plaintiff's network and/or website, in connection with which Plaintiff suffered losses.

65.    As the result of Unknown Registrant's unauthorized access, Plaintiff has suffered losses during a 1-year period, and in excess of $5,000.00, as set forth above.

66.    Due to Unknown Registrant's threat, via the Website, to publicly disclose Plaintiff's confidential information obtained through unauthorized activity, Plaintiff is at significant risk of incurring much greater losses as of Tuesday, January 18, 2022.

67.    As the result of Unknown Registrant's use of services offered by Domains By Proxy, LLC and GoDaddy.com, LLC, Plaintiff is unable to identify Unknown Registrant at the time of this filing.

68.    Without injunctive relief directed toward Domains By Proxy, LLC and GoDaddy.com, LLC in addition to Unknown Registrant, Plaintiff will be left without a remedy and suffer irreparable harm in connection with Unknown Registrant's intentional access to

Plaintiff's protected computer, without or in excess of authorization and, in connection with such illegal activity, Unknown Registrant obtaining Plaintiff's confidential information from such computer in violation of the CFAA and subsequently publishing such confidential information through the Website.

For the foregoing reasons, Plaintiff respectfully requests that the Court:

A. Issue a Preliminary and Permanent Injunction restraining and enjoining Defendants, directly or indirectly, from continuing to publish, in any manner, the Domain Name, Website, or any documents or information referenced thereby;

B. Enjoin Defendants from using or disclosing any of Plaintiff's confidential, proprietary information or property;

C. Mandating that Domains By Proxy, LLC and GoDaddy.com, LLC provide the identity and contact information of Unknown Registrant, along with payment information relating to securing the Website, to Plaintiff forthwith following an Order of the Court;

D. Order Defendants to preserve all electronic data and communications relating to the Domain Name or Website; and

E. Grant Plaintiff as relief money damages, including exemplary damages, all other appropriate damages, as well as all interest, costs, and disbursements of this action,

including attorneys' fees and costs as provided for by applicable law, and such other

relief as this Court may deem just and proper.

Respectfully submitted,

VARNUM LLP
Attorneys for Plaintiff

Date: January 13, 2022             By:     */s/ Mark E. Hills*
                                                  Mark E. Hills (P47524)
                                                  Bridgewater Place, P.O. Box 352
                                                  Grand Rapids, MI  49501-0352
                                                  (616) 336-6000
                                                  mehills@varnumlaw.com

## VERIFICATION

Steven Rider states and declares that he is the Government Manager for the Pokagon Band of Potawatomi Indians, Plaintiff in the above-titled action; is authorized to execute this Verification for, and on behalf of, Plaintiff; has read the foregoing Verified Complaint and is familiar with the contents thereof; and is informed and believes that the statements of fact above are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

By: _____

Its: _____

Executed on: _JANUARY 13_, 2022

# EXHIBIT A

**From:** Jody Osbon <jody.osbon63@gmail.com>
**Sent:** Tuesday, November 9, 2021, 2:01 PM
**To:** Steven Rider
**Subject:** Termination Questions

Steve,
I wanted to touch base with you and see if you had received any information regarding any of my questions from yesterday?

Next, I am sorry for yesterday - you are in no way responsible for the action taken by Tribal Council. If you would like to have a debrief on what my concerns have been - I would be willing to speak with you. I have the evidence in my possession.

I want to make it perfectly clear that I am not guilty of the allegations against me. I will do everything in my power and use every resource I have in my possession to prove it, and then I will publish my evidence so the truth will be known - I already have the website ready to go live. I understand that it will not make a difference in my employment status - but the only thing we have is our names, and mine has always stood for good.

I wish you the best and feel sure you will be successful.

Jody

# EXHIBIT B



# Pokagon Secrets

**Tribal Elections**

**Tribal Council**

**Corruption & Abuse of Power**

**State of Michigan Notary Seal misuse**

**Office of General Counsel**

| 0 5 | 1 0 | 4 5 | 4 6 |
|---|---|---|---|
| Days | Hours | Minutes | Seconds |

## This website uses cookies.

We use cookies to analyze website traffic and optimize your website experience. By accepting our use of cookies, your data will be aggregated with all other user data.

**ACCEPT**

Copyright © 2022 Pokagon Secrets - All Rights Reserved.

# EXHIBIT C

English

# ICANN | LOOKUP (/)

## Registration data lookup tool

Enter a domain name or an Internet number resource (IP Network or ASN)Frequently Asked Questions (FAQ) (/faq)

| www.pokagon-secrets.com | | Lookup |

By submitting any personal data, I acknowledge and agree that the personal data submitted by me will be processed in accordance with the ICANN Privacy Policy (https://www.icann.org/privacy/policy), and agree to abide by the website Terms of Service (https://www.icann.org/privacy/tos) and the registration data lookup tool Terms of Use (unsafe:javascript:void(0)).

## Domain Information

**Name:** POKAGON-SECRETS.COM

**Registry Domain ID:** 2648709172_DOMAIN_COM-VRSN

**Domain Status:**
clientDeleteProhibited (https://icann.org/epp#clientDeleteProhibited)
clientRenewProhibited (https://icann.org/epp#clientRenewProhibited)
clientTransferProhibited (https://icann.org/epp#clientTransferProhibited)
clientUpdateProhibited (https://icann.org/epp#clientUpdateProhibited)

**Nameservers:**
NS47.DOMAINCONTROL.COM
NS48.DOMAINCONTROL.COM

## Dates

**Registry Expiration:** 2023-10-18 19:03:31 UTC

**Created:** 2021-10-18 19:03:31 UTC

## Contact Information

### Registrant:

**Handle:** 1

**Name:** Registration Private

**Organization:** Domains By Proxy, LLC

**Email:** pokagon-secrets.com@domainsbyproxy.com

**Kind:** individual

**Mailing Address:** DomainsByProxy.com 2155 E Warner Rd, Tempe, Arizona, 85284, United States

### Technical:

**Handle:** 3

**Name:** Registration Private

**Organization:** Domains By Proxy, LLC

**Email:** pokagon-secrets.com@domainsbyproxy.com

**Mailing Address:** DomainsByProxy.com 2155 E Warner Rd, Tempe, Arizona, 85284, United States

## A note about our privacy policies and terms of service:

We have updated our terms of service, privacy policy, and website terms of service to provide greater transparency, promote simplification, and align with recent changes in privacy laws applicable to us. Learn more (https://www.icann.org/privacy).

### Administrative:

This site uses cookies to deliver an efficient user experience and to help us see how the site is used. Learn more. (https://www.icann.org/privacy/cookies)

✕ OK

**Handle:** 2

**Name:** Registration Private

**Organization:** Domains By Proxy, LLC

**Email:** pokagon-secrets.com@domainsbyproxy.com

**Kind:** individual

**Mailing Address:** DomainsByProxy.com 2155 E Warner Rd, Tempe, Arizona, 85284, United States

## Billing:

**Handle:** 4

**Name:** Registration Private

**Organization:** Domains By Proxy, LLC

**Email:** pokagon-secrets.com@domainsbyproxy.com

**Kind:** individual

**Mailing Address:** DomainsByProxy.com 2155 E Warner Rd, Tempe, Arizona, 85284, United States

## Registrar Information

**Name:** GoDaddy.com, LLC

**IANA ID:** 146

**Abuse contact email:** abuse@godaddy.com

**Abuse contact phone:** tel:480-624-2505

## DNSSEC Information

**Delegation Signed:** Unsigned

## Authoritative Servers

**Registry Server URL:** https://rdap.verisign.com/com/v1/domain/pokagon-secrets.com (https://rdap.verisign.com/com/v1/domain/pokagon-secrets.com)

**Last updated from Registry RDAP DB:** 2022-01-11 06:39:33 UTC

**Registrar Server URL:** https://rdap.godaddy.com/v1/domain/POKAGON-SECRETS.COM (https://rdap.godaddy.com/v1/domain/POKAGON-SECRETS.COM)

**Last updated from Registrar RDAP DB:** 2022-01-11 07:25:24 UTC

## Notices and Remarks

### Notices:

**Status Codes**

 For more information on Whois status codes, please visit https://www.icann.org/epp

https://icann.org/epp (https://icann.org/epp)

**RDDS Inaccuracy Complaint Form**

 URL of the ICANN RDDS Inaccuracy Complaint Form: https://www.icann.org/wicf

https://www.icann.org/wicf (https://www.icann.org/wicf)

**A note about our privacy policies and terms of service:**

We have updated our privacy policies and certain website terms of service to provide greater transparency, promote simplification, and align with recent changes in privacy laws applicable to us. Learn more (https://www.icann.org/privacy).

This site uses cookies to deliver an efficient user experience and to help us see how the site is used. Learn more. (https://www.icann.org/privacy/cookies)

✕ OK

By submitting an inquiry, you agree to these Universal Terms of Service and limitations of warranty. In particular, you agree not to use this data to allow, enable, or otherwise make possible, dissemination or collection of this data, in part or in its entirety, for any purpose, such as the transmission of unsolicited advertising and solicitations of any kind, including spam. You further agree not to use this data to enable high volume, automated or robotic electronic processes designed to collect or compile this data for any purpose, including mining this data for your own personal or commercial purposes, or use this data in any way that violates applicable laws and regulations.

https://www.godaddy.com/agreements/showdoc?pageid=5403 (https://www.godaddy.com/agreements/showdoc?pageid=5403)

Youtube (http://www.youtube.com/icannnews)

Twitter (https://www.twitter.com/icann)

Linkedin (https://www.linkedin.com/company/icann)

Flickr (http://www.flickr.com/photos/icann)

Facebook (http://www.facebook.com/icannorg)

Newletters (https://www.icann.org/resources/pages/global-newsletter-2018)

Community Wiki (https://community.icann.org/)

ICANN Blog (https://www.icann.org/news/blog)

**Who We Are**

**Contact Us**

**Accountability & Transparency**

**Governance**

**Help**

**Data Protection**

© Internet Corporation for Assigned Names and Numbers.   Privacy Policy (https://www.icann.org/privacy/policy)   Terms of Service (https://www.icann.org/privacy/tos)   Cookies Policy (https://www.icann.org/privacy/cookies)

**A note about our privacy policies and terms of service:**

We have updated our privacy policies and certain website terms of service to provide greater transparency, promote simplification, and align with recent changes in privacy laws applicable to us. Learn more (https://www.icann.org/privacy).

This site uses cookies to deliver an efficient user experience and to help us see how the site is used. Learn more. (https://www.icann.org/privacy/cookies)

× OK